IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,<br>   *Plaintiff*<br><br>-vs-<br><br>JOSEFINA GUTIERREZ, GLORIA OLIVEROS, BERTHA HIDDLESON,<br>   *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-24-CV-00820-XR |

## ORDER ON INTERPLEADER

On this date the Court considered the status of this case. After careful consideration, the Court grants Plaintiff's requested relief and distributes the life benefits currently on deposit in the Court's registry, with applicable interest, in equal amounts to each Defendant.

### BACKGROUND

This is a statutory interpleader case to distribute life insurance proceeds. In 2003, American Family Life Assurance Company of Columbus ("AFLAC") issued a life insurance policy, No. PA096891 (the "Policy"), to Yolanda Aguilar in the amount of $25,000. ECF No. 1 at 1, 3–4. The Policy designated her sister, Josefina Gutierrez ("Gutierrez") as the primary beneficiary and listed Gabriel Aguilar ("Gabriel"), her husband, as the contingent beneficiary. *Id.* at 3.

In or around July 30, 2019, Aguiar removed her husband as a primary beneficiary and listed an additional two primary beneficiaries, Gloria Oliveros ("Oliveros") and Bertha Hiddleson ("Hiddleson"). *Id.* at 4. Aguiar died on December 29, 2023. *Id.* At first, Gutierrez submitted a Proof of Death – Beneficiary's Statement claiming 100% of the Policy proceeds. *Id.* AFLAC then informed Gutierrez that there were three primary beneficiaries: Gutierrez, Oliveros, and

1

Hiddleson. *Id.* AFLAC further told Gutierrez that the Policy does not clarify how the proceeds were to be divided. *Id.* at 5.

After further communication did not result in an agreement, *id.,* AFLAC filed this action in July 2024 under 28 U.S.C. § 1335 against Gutierrez, Oliveros, and Hiddleson. ECF No. 1.[1] AFLAC sought to deposit the Policy proceeds into the Registry of the Court, an injunction under 28 U.S.C. § 2361, and to be discharged from this case. *Id.* AFLAC also requested attorney's fees. *Id.*

On August 15, 2024, AFLAC filed a motion to deposit the Policy proceeds which the Court granted the next day. ECF Nos. 4, 5, 9. AFLAC then properly served Defendants. ECF Nos 5, 6, 7. Because none of Defendants responded in time, the Court ordered AFLAC to move for entry of default and default judgment. ECF No. 8. AFLAC instead filed a motion for discharge. ECF Nos. 10, 11. That same day, Defendants filed an "Advisory to the Court" which stated that all of them were "in agreement in the decision that the money be equally (3 ways) distributed concerning our sister Yolanda Aguilar's life policy." ECF No. 12.[2] The Advisory was signed by each of Defendants and dated September 5, 2024. *Id.* at 1–2.

On October 16, 2024, AFLAC filed a Motion for Default Judgment.[3] ECF Nos. 14, 15. It requests the same relief as in the Complaint, agrees with an equal distribution of the fund to

---

[1] 28 U.S.C. § 1335 requires minimal diversity between the claimants. The Court has jurisdiction because the claimants are from Texas and New Mexico. *See* ECF No. 1 at 2–3.

[2] The Advisory also claimed that AFLAC failed to properly update the policy, did not communicate with them properly, and thus should not have to pay attorney's fees. *Id.* Defendants do not assert any claims, however, against AFLAC.

[3] AFLAC filed a proposed order as well, but this was terminated as improperly filed. ECF No. 15.

Defendants, and relinquishes its request for attorney's fees.[4] This matter is now ripe for consideration.

## DISCUSSION

### I. Legal Framework

Interpleader is a procedural vehicle that allows a party who fears being exposed to multiple claims to a limited fund under its control to settle the controversy and satisfy its obligations in a single proceeding. *Rhoades v. Casey*, 196 F.3d 592, 600 n.8 (5th Cir. 1999) ("The legislative purpose of an interpleader action is to remedy the problems posed by multiple claimants to a single fund, and to protect a stakeholder from the possibility of multiple claims on a single fund."). The first stage of interpleader allows a disinterested stakeholder to bring into court the adverse claimants to the fund, deposit the funds into the court's registry, and then be discharged from the lawsuit. *Id.* at 600 ("In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund."); *see State Farm Life Insurance Company v. Bryant*, No. 3:18-CV-1628-L, 2019 WL 7938266, at *9 (N.D. Tex. May 16, 2019) (explaining that the court may enter an order discharging a disinterested stakeholder "who has no claim itself to the disputed funds and has tendered the disputed fund into the court registry").

After a court has determined that interpleader is appropriate, the claimants proceed to a second stage in which the merits of their claims are resolved. "But when the adverse claimants reach 'a private settlement . . . about how to distribute the life insurance proceeds,' the case is atypical, and the court might never reach the second step.'" *United of Omaha Life Insurance*

---

[4] Because the Defendants filed an Advisory and are *pro* se, the Court treats their Advisory as an appearance, withdraws its Order to AFLAC to move for default and default judgment (ECF No. 8), and treats AFLAC's Motion for Default along with Defendants' Advisory as a proposed settlement. *See infra* p. 3–4.

*Company v. Womack-Rodriguez*, 461 F.Supp.3d 455, 470 (W.D. Tex. 2020) (quoting *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)). In this scenario—when claimants are not adverse—"[a] court may approve a settlement as proposed if the settlement is reasonable and consistent with the record." *Life Insurance Company of North America v. King*, No. 20-CV-2102, 20221 WL 829252, at *2 (S.D. Cal. 2021) (citation omitted) (distributing interpleader funds on settlement); *cf. Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) ("In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties."). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir.1977).

## II.  Discharge, Enjoin, and Disbursement

**Discharge.** AFLAC is disinterested. It has no claim to the disputed funds and was only concerned with competing claims to the Policy proceeds. AFLAC deposited the funds into the Court's registry and then moved for discharge. AFLAC has also since given up its request for attorney's fees. Since AFLAC has no discernable interest in this litigation other than distributing the death benefits and has fulfilled this obligation, discharge is appropriate.

**Enjoin.** Because AFLAC brought this action solely to determine the proper parties to receive the benefits and to avoid future claims and litigation, Defendants should likewise be enjoined from instituting any future proceedings against AFLAC under 23 U.S.C. §2361. *See id.* (authorizing a district court to issue a permanent injunction in an interpleader action when it discharges the disinterested stakeholder from further liability); *see also Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015) ("A

permanent injunction is necessary to give meaning to the plaintiff's discharge and to encourage interpleader actions.").

**Distribution.** The Court must now determine how to distribute the interpleader funds.[5] The parties have agreed and ask this court to make an "equal[ ]" distribution of the funds. ECF No. 12 at 1; *id.* ("we have agreed to evenly divide the money three ways"). This amounts to a settlement. The Court finds this resolution to be reasonable and not the product of collusion or duress. Each Defendant signed the letter, which reflects that they came to the agreement themselves. As of August 27, 2024, the entirety of the deposit in the Registry of the Court was $25,386.30. Defendants Gutierrez, Oliveros, and Hiddleson are thus each entitled to one-third (33.33%) of the proceeds, together with applicable interest.

## CONCLUSION

Based on the foregoing, **IT IS ORDERED** that AFLAC's Motion for Discharge (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that as soon as the business of the office allows, the United States District Court Clerk shall close the account invested in the Court Registry Investment System (CRIS) representing monies heretofore deposited under this cause number.

**IT IS FURTHER ORDERED** that the entirety of the $25,386.30 deposit in the Registry of the Court, together with applicable interest, shall be evenly distributed to each Defendant in the amount of one-third (33.33%) each in checks made payable as follows: (i) Josefina Gutierrez, 7923 Alton Blvd., Selma, TX, 78154, (ii) Gloria Oliveros, 8319 Northaven Dr., Converse, TX 78109, and (iii) Bertha Hiddleson, 413 Wildwood Dr., Alamogordo, NM 88310. The Clerk of the Court

---

[5] While the Court would normally analyze AFLAC's request for attorney's fees before it moves on to distribution of the proceeds, *see Reese v. Sun Life Assurance Company of Canada*, 483 F. Supp.3d 407, 415 (W.D. Tex. 2015) ("interpleaded funds shall not be distributed . . . until the Court has considered [the interpleader's] request for attorney's fees and costs"), it does not do so because AFLAC has dropped this request.

is **DIRECTED** to send a copy of this Order and the Final Judgment that will follow to Defendants by mail at these addresses.

**IT IS FURTHER ORDERED** that AFLAC is hereby discharged from any and all liability to Defendants Gutierrez, Oliveros, and Hiddleson and to any person firm, estate, corporation, or entity on account of or in any way related to the Policy and in any way related to the handling or processing of any claims made under the Policy.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 2361, Defendants Gutierrez, Oliveros, and Hiddleson, and each of their respective attorneys, representatives, successors, assigns, and heirs are hereby permanently enjoined from instituting or prosecuting any proceeding or claim against AFLAC in any state court, United States Court, or administrative tribunal and relating in any way to the Policy or the life insurance proceeds due under the Policy and relating in any way to the handling or processing of any claims made under the Policy.

**IT IS FURTHER ORDERED** that AFLAC's Motion for Default Judgment (ECF No. 14) is **DENIED as MOOT**. A final judgment pursuant to Rule 58 will follow.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE**.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of October, 2024.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE